UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE E. YEAGER, | ) | CASE NO. 5:12CV02554 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on Objections by the Plaintiff, Shane E. Yeager (hereinafter "Plaintiff"), to the Report and Recommendation (hereinafter "R&R") of the Magistrate Judge. This action was referred to Magistrate Judge Greg White for an R&R on Plaintiff's Appeal of the Social Security Administration's decision to deny Plaintiff's claim for a Period of Disability (hereinafter "POD"), Disability Insurance Benefits (hereinafter "DIB"), and Supplemental Security Income (hereinafter "SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. On July 16, 2013, Magistrate Judge White issued an R&R recommending that the Commissioner's decision be affirmed. Plaintiff timely objected, and the Commissioner responded to the objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the Commissioner's decision is AFFIRMED.

**Law and Analysis**

The R&R sets forth a thorough review of the facts of this matter and this Court adopts those facts. This Court is required to conduct a *de novo* review of the portions in the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). In its review, this Court must determine whether there is substantial evidence that supports the Commissioner's decision. *Longworth v.*

1

*Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). If there is substantial evidence to support the Commissioner's decision, this Court is required to affirm the decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Plaintiff's sole objection to the R&R is that the "Magistrate Judge erred by not sustaining the Plaintiff's argument that the ALJ's [Administrative Law Judge] omission of a sit/stand option in the ultimate RFC [Residual Functional Capacity] finding was erroneous." Doc. 18. This Court concludes that there is substantial evidence that supports the ALJ's decision to exclude a sit/stand option from the RFC and, therefore, adopts the Magistrate Judge's recommendation and overrules the objection.

In the administrative decision, the ALJ acknowledged evidence that might make a sit/stand option necessary. Doc. 12. Plaintiff alleged that sitting or standing for more than ten minutes was painful "due to herniated discs and swelling of his left leg." *Id*. At the hearing, Plaintiff testified that "he can only stand for a total of two hours and sit for a total of one hour in an eight-hour day due to his severe pain." *Id*. In addition, Plaintiff alleged that he suffered from bowel incontinence after sitting or standing for a long period of time. *Id*. Lastly, the ALJ acknowledged medical evidence showing a positive straight leg raise test and 4/5 strength in his lower extremities. *Id*.

After recognizing evidence in favor of a sit/stand option, the ALJ highlighted evidence against including a sit/stand option in the RFC. *Id*. The ALJ stated that "there are several objective medical findings in this case that do not comport with the level of physical limitation

2

the claimant alleges." *Id*. First, Plaintiff had a negative straight leg raise test in addition to having a positive test. *Id*. Second, several examinations showed Plaintiff had 5/5 strength in his lower extremities. *Id*. Third, his treating physicians stated that his MRI did not show any reason for the significant amount of pain alleged. *Id*. Fourth, Plaintiff did not frequently complain to his doctors about bowel incontinence while sitting or standing, and the only objective examination he received, a colonoscopy, returned normal results. *Id*. Lastly, the ALJ found that Plaintiff's daily activities were inconsistent with the limitations that he alleged, namely being bedridden for several hours a day. *Id*. For example, he helps take care of his kids, drives a motor vehicle, and watches sporting events. *Id*.

In addition to analyzing the above evidence, the ALJ gave weight to two State Agency medical consultants' review of Plaintiff's medical file. *Id*. Both of the consultants independently concluded that Plaintiff "could perform the full functional range of light work with a medically required hand-held assistive device for ambulation, but could never climb ladders, ropes, or scaffolds and could only occasionally stoop." *Id*. The ALJ agreed that Plaintiff's medical diagnosis did support some of his symptoms of pain and limitations, but stated that the analysis "illustrates some treatment successes and a range of daily activities simply not in accord with his allegations of being bedridden for several hours a day, sitting for no more than ten minutes, or walking no more than fifty yards."

In the R&R, Magistrate Judge White stated that Plaintiff had not cited any objective medical source that opined a sit/stand requirement, and that he was only offering a different interpretation of the evidence. Doc. 17. Magistrate Judge White affirmed the ALJ's decision because, when an ALJ's decision is under review, the reviewing court does not reverse the decision simply because there was evidence that could have supported a different interpretation.

*Warner*, 375 F.3d at 390.  Plaintiff objects to the Magistrate Judge's finding because he believes there was not substantial evidence to support another interpretation of the evidence besides requiring a sit/stand option.  Doc. 18.

The "substantial evidence" standard gives discretion to the ALJ to make his decision based on his interpretation of the evidence.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  The standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Id*.  (internal citations omitted).  In this case, there is substantial evidence to support the ALJ's decision to exclude a sit/stand requirement in the RFC because a reasonable mind could determine from the above stated medical evidence that this requirement was not necessary.  This evidence includes normal results from a MRI and colonoscopy and good results from leg strength examinations.  Doc. 12.   The Plaintiff submitted subjective evidence to the ALJ that he cannot sit or stand for longer than ten minutes without suffering from severe pain and possibly from bowel incontinence.  *Id*.  However, within his discretion, the ALJ chose to give greater weight to the lack of objective medical evidence establishing a reason for this severe pain and bowel incontinence.  *Id*.  Therefore, though Plaintiff subjectively demonstrated the need for a sit/stand requirement, the ALJ's decision to omit it is not erroneous because there is substantial evidence to support that finding.

**Conclusion**

This Court hereby affirms the decision in the Magistrate Judge's Report and Recommendation.  The Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

DATE: November 13, 2013                */s/ John R. Adams*_____
                                       Judge John R. Adams
                                       UNITED STATES DISTRICT COURT